IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NUMBER 00-02523 CIV MARTINEZ
Magistrate Judge Dube

JANE DOE,

    Plaintiff,

v.

CELEBRITY CRUISES, ZENITH SHIPPING
CORPORATION, APOLLO SHIP
CHANDLERS, INC., CELEBRITY CATERING
SERVICES PARTNERSHIP and BARIS AYDIN,
*in personam*, and M/V ZENITH, her engines,
boilers, tackle, etc., *in rem*,

    Defendants.
_____/

## DEFENDANTS' MOTION IN LIMINE TO PROHIBIT PLAINTIFF FROM WEARING HER MILITARY UNIFORM DURING TRIAL

Defendants, by and through undersigned counsel, hereby file this Motion in Limine to Prohibit Plaintiff From Wearing Her Military Uniform During Trial, and in support thereof states as follows:

### INTRODUCTION

1. This is a civil suit wherein Plaintiff alleges she was sexually assaulted by an off-duty employee of Celebrity Catering Services Partnership, in a public park in Bermuda.

2. This matter is scheduled for this Court's trial period beginning November 18, 2002.

3. On November 11, 2002, Plaintiff's counsel advised the undersigned by facsimile correspondence that his client intended to wear her United States Army uniform at trial.

4. If Plaintiff wears her uniform in trial, Defendants will be unfairly prejudiced under Federal Rule of Evidence 403. Plaintiff will also be improperly "bolstering" her testimony as prohibited under Federal Rule of Evidence 608. The crewmember who Plaintiff accuses of assaulting her is a citizen of Turkey, a country with a large Islamic population. As such, the risk of prejudice is even greater.

5. Defendants further object to Plaintiff wearing her military uniform at trial as it serves no fundamental purpose towards the resolution of this matter nor is she authorized to wear the same under Army Regulation 670-1(j) (2002) (attached as Exhibit A) and 18 U.S.C. § 702 (2002).

## MEMORANDUM OF LAW

### I. Plaintiff's Wearing of United States Army Uniform Is Not Relevant Evidence and Should Not Be Admissible.

Under Federal Rules 402, evidence which is not relevant is not admissible. "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401 (2002).

Plaintiff claims that she was sexually assaulted by crewmember, BARIS AYDIN, on July 20, 1999. She was not enlisted in the United States Army at the time the alleged incident took place. Her recent affiliation with the United States Army has no bearing whatsoever on the facts of this case. Therefore, her status as a United States Army enlistee is entirely irrelevant to the proper resolution of the issues in this case.

CASE NUMBER 00-02523 CIV MARTINEZ/Dube
Page 2

KAYE, ROSE & MALTZMAN, LLP. One Biscayne Tower, Suite 2300, 2 South Biscayne Boulevard, Miami, Florida 33131-1803. Tel (305) 358-6555 / Fax (305) 374-9077

Assuming, *arguendo*, that Plaintiff's status as an enlistee in the United States Army was relevant to the issue of whether or not an assault occurred, she should not be permitted to wear her military uniform as its probative value is substantially outweighed by the dangers of prejudice and confusion of the issues. *See generally* Fed. R. Evid. 402 and 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence"). "The Federal Rules of Evidence impose upon the judiciary an affirmative responsibility to act as a gatekeeper in allowing relevant testimony and evidence before a jury." *United States v. Lowery*, 15 F. Supp. 2d 1348, 1359 (S.D. Fla. 1998).

After the events of September 11, 2001, patriotism in the United States has reached a fevered pitch. As we are on the brink of another war with Iraq, most Americans greatly respect the members of our Armed Forces for their sacrifice to their country and would do anything to support them. As a result, any jurors who hear this case would likely be sympathetic to Plaintiff's status as an enlistee since she may potentially be called to serve in a possible Gulf conflict. While we fully appreciate Plaintiff's sacrifice to defend our country, this Court should not allow her status as a United States soldier to cloud the minds of the jury. Allowing Plaintiff to wear her uniform at trial would cause undue prejudice to Defendants' case and inflame the passions of the jury. *See United States v. Cross*, 928 F.2d 1030, 1048 (11th Cir.1991) (The major function of Rule 403 is, "excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect,"); *Ballou v. Henri Studios*, 656 F.2d 1147 (5th Cir. 1981) ("Unfair prejudice within the context of Rule 403 means an undue tendency to suggest a decision on an

KAYE, ROSE & MALTZMAN, LLP, One Biscayne Tower, Suite 2300, 2 South Biscayne Boulevard, Miami, Florida 33131-1803, Tel (305) 358-6555 / Fax (305) 374-9077

improper basis, commonly, though not necessarily, an emotional one"). Therefore, for the sake of keeping the jurors focused on the facts of this case, Plaintiff should not be permitted to wear her uniform at trial.

## II. Alternatively, Plaintiff's Wearing of United States Army Uniform is Improper Bolstering under FRE 608.

Federal Rule of Evidence 608(a) states in pertinent part:

> (a) Opinion and reputation evidence of character. The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

Fed. R. Evid. 608(a) (2002).

Plaintiff has no reason to wear her military uniform at trial other than to attempt to improperly prejudice Defendants by bolstering her own character. Under FRE 608, such evidence is proper. *See United States v. Thomas*, 768 F.2d 611, 618 (5th Cir. 1985). As such, she should be prohibited from wearing her uniform.

## III. Plaintiff Is Not Authorized to Wear United States Army Uniform for Trial.

Plaintiff's sole reason for wanting to wear her military uniform at trial is to elicit sympathy from the jurors. There can be no other reason as there is no regulation that requires her to wear her uniform at trial, even though she is on active duty. To the contrary, Army Regulation 670-1(j) states in pertinent part:

> j. Wearing Army uniforms is prohibited in the following situations:
> (1) In connection with the furtherance of any political or **commercial interests**, or when engaged in off-duty civilian employment.
> (2) When participating in **public speeches, interviews**, picket lines,

KAYE, ROSE & MALTZMAN, LLP, One Biscayne Tower, Suite 2300, 2 South Biscayne Boulevard, Miami, Florida 33131-1803, Tel (305) 358-6555 / Fax (305) 374-9077

> marches, rallies, or public demonstrations, except as authorized by competent authority.
> (3) When attending any meeting or event that is a function of, or is sponsored by, an extremist organization.
> (4) When wearing the uniform would bring discredit upon the Army.
> (5) When specifically prohibited by Army regulations.

Army Regulation 670-1(j) (2002). Violating this regulation may subject an individual to a fine or imprisonment up to six months. See 18 U.S.C. § 702.

Plaintiff has brought this suit to pursue her own commercial interests (in the form of potential monetary damages). Army Regulation 670-1(j) prohibits her from using her status as a service member in this manner. Further, the regulation prohibits her from participating in public speeches or interviews and as a party to this public proceeding, she is likely to do both in the form of trial testimony. Finally, if a scenario presents itself where Plaintiff is found to be clearly giving false testimony while in uniform, she risks prosecution under Uniform Code of Military Justice Article 134 for False Speech or False Swearing. See *United States v. Stone*, 40 M.J. 420 (C.M.A. 1994) (where defendant was prosecuted for making a false speech at a high school assembly regarding his actions during Operation Desert Shield/Storm which caused discredit to the armed forces). Therefore, Plaintiff should be prohibited from wearing her uniform as Army Regulation 670-1(j) does not authorize her to wear the same for this court proceeding.

W H E R E F O R E Defendants respectfully move this Court for entry of an Order prohibiting Plaintiff, JANE DOE, from wearing her military uniform before the jury during the trial of this matter.

KAYE, ROSE & MALTZMAN, LLP, One Biscayne Tower, Suite 2300, 2 South Biscayne Boulevard, Miami, Florida 33131-1803, Tel (305) 358-6555 / Fax (305) 374-9077

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a copy of the foregoing was mailed via U.S. Mail to counsel for the Plaintiff, Gerhardt A. Schreiber, Esq., SCHREIBER RODON-ALVAREZ, P.A., 2222 Ponce de Leon Boulevard, Coral Gables, Florida 33134 and Stephan Skoufalos, SKOUFALOS, LLORCA & ZICCARDI, LLP, Clearwater House, 2187 Atlantic Street, 9th Floor, Stamford, Connecticut 06902 this 13K day of November, 2002.

KAYE, ROSE & MALTZMAN, LLP
Attorneys for Defendants
One Biscayne Tower - Suite 2300
2 South Biscayne Boulevard
Miami, Florida  33131
Tel.: (305) 358-6555
Fax.: (305) 374-9077

By: _____
JEFFREY B. MALTZMAN
Florida Bar No.: 0048860
CAROL L. FINKLEHOFFE
Florida Bar No.: 0015903

CASE NUMBER 00-02523 CIV MARTINEZ/Dube
Page 6

KAYE, ROSE & MALTZMAN, LLP, One Biscayne Tower, Suite 2300, 2 South Biscayne Boulevard, Miami, Florida 33131-1803, Tel (305) 358-6555 / Fax (305) 374-9077